

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Shawn P. Barnes*  *970 Broad Street*  *(973) 645-2848*
*Assistant United States Attorney*  *Newark, New Jersey 07102*

August 30, 2022

Mitchell C. Elman, Esq.
377 Oak Street, Suite 415
Garden City, New York 11530

    Re:   <u>Plea Agreement with Trevor Osagie</u>

Dear Mr. Elman:

    This letter sets forth the plea agreement between your client, Trevor Osagie (the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"), and supersedes all previous offers. The Government's offer to enter into this plea agreement will expire on September 9, 2022, if a signed copy is not received by this Office on or before that date.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from the Defendant to an Information charging him with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If the Defendant enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against the Defendant for conspiring to commit bank fraud, identity theft, and aggravated identity theft from in or around 2015 to in or around November 2020.

    However, in the event that a guilty plea in this matter is not entered for any reason, or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the Defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the Defendant may be commenced against him,

notwithstanding the expiration of the limitations period after the Defendant signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1349, to which the Defendant agrees to plead guilty, carries a statutory maximum penalty of 30 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1 million, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence the Defendant ultimately will receive.

Further, in addition to imposing any other penalty on the Defendant, the sentencing judge: (1) will order the Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) shall order the Defendant to pay restitution pursuant to 18 U.S.C. § 3663A, et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(2) and 21 U.S.C. § 853; and (4) pursuant to 18 U.S.C. § 3583, may require the Defendant to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed.

Should the Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the Defendant may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on the Defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the Defendant's activities and relevant conduct with respect to this case.

### Stipulations

This Office and the Defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or the Defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and the Defendant waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

In addition, the Defendant agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property that the Defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Forfeiture

As part of his acceptance of responsibility, the Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in the Information (the "Forfeitable Property").

The Defendant agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(2), the Defendant will consent to the entry of a forfeiture money judgment for the total amount of the proceeds he obtained as a result of his commission of the offenses charged in the Information, and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). The Defendant also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the conduct charged in the Information. The Defendant further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Forfeitable Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

The Defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant understands that the forfeiture of any property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The Defendant hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

The Defendant represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement he submitted to the Office. The Defendant agrees that if this Office determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, the Defendant consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the Defendant owns or in which the Defendant has an interest be discovered, the Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. The Defendant further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, the Defendant agrees to submit to a recorded deposition under oath regarding the sources of funds paid to him, directly or indirectly, and their disposition, if requested by this Office.

Immigration Consequences

     The Defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The Defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The Defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The Defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the Defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

     This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

     This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the Defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against the Defendant.

     No provision of this agreement shall preclude the Defendant from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that the Defendant received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between the Defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:   Shawn P. Barnes
Assistant United States Attorney

APPROVED:

Joshua L. Haber
Chief, Economic Crimes Unit

I have received this letter from my attorney, Mitchell C. Elman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 10/24/2022
Trevor Osagie


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 10/24/2022
Mitchell C. Elman, Esq.

- 8 -

## Plea Agreement with Trevor Osagie

### Schedule A

1. This Office and Trevor Osagie ("the Defendant") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and the Defendant nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2022 applies in this case.

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(I) applies because the Defendant was involved in a fraud conspiracy in which the loss amount exceeded $1,500,000, but was less than $3,500,000. This Specific Offense Characteristic results in an increase of 16 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A)(i) applies because the offense involved 10 or more victims. This Specific Offense Characteristic results in an increase of 2 levels.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(11)(B)(i) applies because the offense involved the production or trafficking of any unauthorized access device or counterfeit access device. This Specific Offense Characteristic results in an increase of 2 levels.

7. Accordingly, the offense level is 27.

8. As of the date of this letter, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.

At sentencing, this Office will move for a further 1-point reduction in the Defendant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) the Defendant enters a plea pursuant to this agreement, (b) this Office in its discretion determines that the Defendant's acceptance of responsibility has continued through the date of sentencing and the Defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) the Defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the Defendant is 24 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that the Defendant reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

12. The Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph. Moreover, the preceding paragraph does not apply to:

- 10 -

      a.    Any proceeding to revoke the term of supervised release.

      b.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      c.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).